UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) C/A No.: 3:23-cv-04987-JFA |
| Plaintiff, | ) |
| v. | ) |
| $524,015.40 IN UNITED STATES CURRENCY, Asset ID: 23-DEA-704737 | ) |
| Defendant *In Rem*. | ) |

**CLAIMANT VICTOR ERNESTO VILLAGOMEZ SANCHEZ'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT FOR FORFEITURE *IN REM*__**

Claimant Victor Ernesto Villagomez Sanchez ("Claimant"), by counsel, hereby files his Answer and Affirmative Defenses to Plaintiff, the United States of America's (the "Government") Complaint for Forfeiture *in Rem*, and states as follows:

**Answer**

1.  Paragraph 1 states legal conclusions that require no answer. Claimant admits the allegations in paragraph 1 that this is a civil action *in rem* brought to forfeit to the Government various funds but denies that the Government is entitled to such relief under the cited statutes. Except as expressly admitted herein, the allegations set forth in Paragraph 1 of the Complaint, either express or implied, are denied.

2.  Paragraph 2 states a legal conclusions that require no answer. Claimant does not dispute at this time the statutory basis outlined in paragraph 2, and that this Court has

1

subject matter jurisdiction over this action and venue is proper in the District of South Carolina. However, any other allegations in Paragraph 2 are denied.

      3.    Claimant admits the allegations in Paragraph 3 insofar as they state that the Defendant Currency resulted from the sale of real property in Atlanta, as described, but denies any implication that the property *in rem* was seized with probable cause.

      4.    Claimant admits the allegations in Paragraph 4 that the Defendant Currency was transferred to the United States Marshals Service, and is currently on deposit in one of their accounts, but Claimant denies any implication that the Defendant Currency was seized with probable cause.

      5.    Claimant admits the allegations in paragraph 5 that the Defendant Currency's value however denies any implication that the Defendant Currency was seized with probable cause.

      6.    Claimant admits the allegation in paragraph 6, that he has an interest affected by the litigation in this case and that the Atlanta Property was titled in his name. He further states that he is an Innocent Owner of the property, as asserted later in this Answer.

      7.    Claimant is without knowledge as to the allegations contained in paragraph 7(a); thus, the allegations are denied.

      8.    Claimant is without knowledge as to the allegations contained in paragraph 7(b); thus, the allegations are denied.

      9.    Claimant is without knowledge as to the allegations contained in paragraph 7(c); thus, the allegations are denied.

      10.    Claimant is without knowledge as to the allegations contained in paragraph 7(d), apart from the allegation that Claimant was involved in the MLO. Claimant denies that

he was an individual involved in the MLO.  Based on a lack of knowledge, the remaining allegations are denied.

11.     Claimant is without knowledge as to the allegations contained in paragraph 7(e); thus, the allegations are denied.

12.     Claimant is without knowledge as to the allegations contained in paragraph 7(f); thus, the allegations are denied.

13.     Claimant is without knowledge as to the allegations contained in paragraph 7(g); thus, the allegations are denied.

14.     Claimant is without knowledge as to the allegations contained in paragraph 7(h); thus, the allegations are denied.

15.     Claimant is without knowledge as to the allegations contained in paragraph 7(i); thus, the allegations are denied.

16.     Claimant is without knowledge as to the allegations contained in paragraph 7(j); thus, the allegations are denied.

17.     Claimant admits the allegations in paragraph 7(k).

18.     The allegations in Paragraph 8 call for a legal conclusion and require no answer.  Claimant denies the remaining allegations contained in Paragraph 8.

19.     The allegations in Paragraph 9 call for a legal conclusion and require no answer.  To the extent an answer is appropriate, Claimants deny that the relief requested is proper or justified by the facts of this case.

20.     Claimants deny any and all allegations not specifically admitted, denied or qualified above.

## Affirmative Defenses

### First Affirmative Defense

21. The Government's claims fail, in whole or in part, because the Government has failed to state a cause of action for forfeiture or claim upon which relief may be granted.

### Second Affirmative Defense

22. Claimant is an innocent owner of *In Rem* Defendant. Claimant had no knowledge that the Atlanta property was being used for any criminal activity or he did all that reasonably could be expected under the circumstances to terminate such use of the property if he ever learned of any illegal use.

### Third Affirmative Defense

23. The Government's claims fail because the Government lacks probable cause for believing that the Defendant Property was involved in, traceable to, or constitutes proceeds of unlawful activity.

### Fourth Affirmative Defense

24. A forfeiture greater than any damages actually sustained by the United States would be unconstitutional because such an award of damages and/or penalties are unconstitutionally excessive as applied and would violate the Constitution.

## Reservation of Rights

25. Claimant reserves the right to assert additional Affirmative Defenses as needed.

## Claimants' Demand for Jury Trial

26. Claimant hereby demands a trial by jury of all issues so triable.

WHEREFORE, Claimant requests judgment in his favor and against the Government, for the return of the Defendant Property, attorneys' fees and costs, and all such other and further relief as this Court believes is just and proper.

Respectfully submitted,

<u>s:/ Nathan S. Williams</u>
Nathan S. Williams (Fed. ID 10400)
Law Offices of Nathan S. Williams
266 W. Coleman Blvd., Ste. 204
Mount Pleasant, South Carolina 29464
nathan@scfederaldefense.com
(843) 209-6972

*Attorney for Claimant Victor Ernesto Villagomez Sanchez*

November 28, 2023
Mount Pleasant, SC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2023, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*s:/ Nathan S. Williams*
Nathan S. Williams (Fed. ID 10400)
Law Offices of Nathan S. Williams
266 W. Coleman Blvd., Ste. 204
Mount Pleasant, South Carolina 29464
nathan@scfederaldefense.com
(843) 209-6972

*Attorney for Claimant Victor Ernesto
Villagomez Sanchez*

November 28, 2023
Mount Pleasant, SC